UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DON LANCE and DARLENE LANCE,

    Plaintiffs,

v.                                                      No. 22-cv-11588

ALONZO ALEJANDRO and
SOUTHERN HEAVY HAUL, INC.,

    Defendants.
_____/

**ORDER DIRECTING THE PARTIES TO
CLARIFY REPRESENTATION AND SERVICE**

    This matter, alleging state law claims, arose out of a collision between a vehicle driven by Plaintiff Don Lance and a truck owned by Defendant Southern Heavy Haul, Inc. ("SHH") that was operated by Defendant Alonzo Alejandro. (ECF No. 1-1, PageID.9.) On July 13, 2022, the case was removed to this court. (ECF No. 1.) The Notice of Removal, filed and signed by Attorney Ralph C. Chapa, Jr. of Kaufman, Payton & Chapa, states that both Defendants were served with a copy of the Summons and Complaint on June 16, 2022 and that they had filed an Answer (*Id.*, at PageID.2.) Attached to the Notice of Removal is an unsigned, undated proof of service as to Defendant SHH. (ECF No. 1-1, PageID.14.) No proof of service was filed for the service of Defendant Alejandro. On August 2, 2022, Attorney Karen G. Szoke of Kaufman, Payton & Chapa filed a Notice of Appearance on behalf of both Defendants. (ECF No. 3).

    The case has proceeded as though service was properly effectuated on all Defendants. On January 18, 2023, Plaintiffs filed a "Motion to Compel Defendant's

Discovery Deposition and to Provide Defendant's Log Book and Name of Defendant's Cell Phone Provider." (ECF No. 17.) Among other issues, Plaintiffs sought to compel a deposition of Defendant Alejandro and to compel the name of his cell phone provider. (*Id.*, PageID.112.) In response, defense counsel stated that Defendant Alejandro is no longer an employee of Southern Heavy Haul, and that she had attempted to contact him through his last known addresses and phone number but was unsuccessful. (ECF No. 18, PageID.115-16.)

On January 26, 2023, the court held a telephonic conference to discuss the status of the case and Plaintiffs' pending motion. During the conference, defense counsel indicated that she could not reach Defendant Alejandro and suggested that he probably was unaware of the pending lawsuit. It became unclear whether Defendant Alejandro was ever personally served. It also became unclear whether defense counsel ever obtained or had authority to represent Defendant Alejandro or to waive service on his behalf.[1]

---

[1] On December 12 and 13, 2022, defense counsel sent two letters to Defendant Alejandro, to which there has been no response. (ECF No. 18, PageID.115.) The language of the letters suggest that these were defense counsel's first attempts to contact Defendant Alejandro. (ECF No.18-3, PageID.129-30.) Specifically, they state:

> Please find enclosed Plaintiff's Interrogatories and Requests for Production of Documents that have been filed in a case brought against you concerning a September 17, 2020 Michigan accident. Please call the undersigned counsel to discuss this case and the answering of these discovery requests. We have been retained by Dynamic Claims, Inc. to represent you in this matter pursuant to an insurance policy with Defendant Southern Heavy Haul, Inc.

(*Id.*).

Before moving forward in this litigation, the court must first determine whether counsel has--or ever had--authority to file a Notice of Appearance on behalf of Defendant Alejandro, and whether Defendant Alejandro has ever been properly served or validly waived service. Accordingly,

IT IS ORDERED that, on or before **February 14, 2023**, (1) Attorneys Chapa and Szoke clarify, in writing, the status of their representation of Defendant Alejandro, including whether they had the authority to file any documents on his behalf and (2) Plaintiff clarify, in writing, whether personal service was ever effectuated on Defendant Alonzo. Plaintiff is also directed to file any proof of service of the complaint and summons on Defendant Alejandro.

In the alternative, counsel may elect to file a stipulation extending the February 14 deadlines until after the forthcoming facilitation. The court will extend the deadlines for these submissions until after the facilitation provided any potential settlement either includes Defendant Alejandro's express consent or that he be dismissed from this lawsuit with prejudice. Any such stipulation extending these deadlines must be filed, and a proposed stipulated order submitted to the court, by **February 14, 2023.**

                                  s/Robert H. Cleland          /
                                  ROBERT H. CLELAND
                                  UNITED STATES DISTRICT JUDGE

Dated: February 2, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 2, 2023, by electronic and/or ordinary mail.

                                  s/Lisa Wagner        /
                                  Case Manager and Deputy Clerk
                                  (810) 292-6522

S:\Cleland\Cleland\NTH\Civil\22-11588.LANCE.OrderClarifyingRepresentationService.NH.docx